## No. 6281.

WM. J. TAYLOR VS. KEHLOR, UPDIKE & CO. KEHLOR BROTHERS, INTERVENORS.

Plaintiff recovered judgment against the defendants, Kehlor, Updike & Co., who are non-residents, in a suit by attachment. Execution being issued, several parties were garnisheed. Some of the garnishees answered that they held property belonging to Kehlor Brothers, but that they held nothing belonging to Kehlor, Updike & Co. The firm of Kehlor, Updike & Co. was dissolved while the suit of the plaintiff against them was pending. Kehlor Brothers intervene and claim the property seized under the garnishment process.

The suit was filed on the thirteenth of May, 1870. A motion to bond was made by Wooldridge & Thomas, attorneys for defendants, on the sixth of June, 1870, and, on their motion, bond having been furnished, the property attached was released. Thomas was appointed curator *ad hoc* on the seventh of October, 1874, and filed an answer in that capacity.

On the fourteenth of December following, Wooldridge & Thomas, of counsel for defendants, moved for a commission to take testimony on their behalf, and the affidavit necessary to obtain the commission is made by Wooldridge, who swears that he is of counsel for defendants.

It is evident therefore that the defendants were in court before the appointment of curator *ad hoc* was made.

Under these pleadings the decree of the court was, that plaintiff have and recover judgment against the defendants for sixteen hundred dollars, with legal interest from judicial demand and costs, with privilege upon the property attached.

This judgment was a personal one, and can be executed in the usual manner, by seizure of the defendants' property wherever found.

The proposition that the property of one firm can not be attached to pay the debt of another is correct as a general rule. But it has been held, correctly, too, that "the attachment in this State of the interest of a non-resident in the property of a foreign commercial firm, for a debt due a citizen of this State, is not forbidden by any law or opposed by any consideration of public policy; but, on the contrary, is recommended as a matter of remedial justice in favor of our own citizens."

In this case the plaintiff is a resident of this State; the defendants are non-residents. There is property belonging to his debtors within the jurisdiction of our courts. That property must be held liable for his debt.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J. T. Gilmore & Sons,* for plaintiff and appellee. *Breaux, Fenner & Hall,* for intervenors and appellants.

MORGAN, J. · In April, 1874, plaintiff recovered judgment against the defendants, Kehlor, Updike & Co., who are non-residents. His suit was instituted in May, 1870. In May, 1874, he issued execution and garnisheed several parties. Some of the garnishees answered that they held property belonging to Kehlor Brothers, but that they held nothing belonging to Kehlor, Updike & Co.

The firm of Kehlor, Updike & Co. was dissolved while the suit of the plaintiff against them was pending.

Kehlor Brothers intervene in this proceeding and claim the property seized under the garnishment process. They assert—

First—That the judgment which plaintiff seeks to enforce is one by attachment; and

Second—That the property of one firm can not be attached to pay the debt of another.

The original suit commenced by attachment, and a curator *ad hoc* was appointed to represent the absent defendants, who answered in his official capacity. The curator was J. W. Thomas, Esq., a member of the bar, and a member of the legal firm of Wooldridge & Thomas. The suit was filed on the thirteenth of May, 1870. A motion to bond was made by Wooldridge & Thomas, attorneys for defendant, on the sixth of June, 1870, and on their motion, bond having been furnished, the property attached was released. Thomas was appointed curator *ad hoc* on the seventh of October, 1874, and filed an answer in that capacity. On the fourteenth of December following, Wooldridge & Thomas, of counsel for defendants, moved for a commission to take testimony in their behalf, and the affidavit necessary to obtain the commission is made by E. Wooldridge, who swears that he is of counsel for the defendants. It is evident, therefore, that the defendants were in court before the appointment of curator *ad hoc* was made.

Under these pleadings the decree of this court was that "plaintiffs have and recover judgment against the defendants for sixteen hundred dollars, with legal interest from judicial demand, and costs of both courts, with privilege upon the property attached."

This judgment was, we think, a personal judgment, and can be executed in the usual manner, by seizure of the defendants' property wherever found.

The second proposition, that the property of one firm can not be attached to pay the debt of another, is as a general rule correct. But it has been held, and correctly, we think, that "the attachment in this State of the interest of a non-resident in the property of a foreign commercial firm, for a debt due a citizen of this State, is not forbidden by any law or opposed by any consideration of public policy; but, on the con-

trary, is recommended as a matter of remedial justice in favor of our own citizens." Frost & Co. vs. White, 14 An. 140.

In the case before us the plaintiff is a resident of this State. The defendants are non-residents. There is property belonging to his debtors within the jurisdiction of our courts, and we think it is liable for his debt.

Judgment affirmed.